UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMARIE SOTO COSTA, | No.  2:23-cv-02688-EFB |
| Plaintiff, | ORDER; FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On November 16, 2023, Plaintiff, proceeding through counsel, filed this action to review defendant's final decision that she was not disabled and therefore not entitled to Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI).  ECF No. 1.  Defendant lodged the Administrative Transcript on March 21, 2024.  ECF No. 10.  On May 16, 2024, the undersigned granted plaintiff an extension of time to file her motion for summary judgment no later than June 5, 2024.  ECF No. 14.  Plaintiff did not move for summary judgment nor respond to the order.  On July 31, 2024, the undersigned ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute.  ECF No. 15.  Plaintiff has not responded to the July 31, 2024 order nor taken any action in this case since her May 6, 2024 request to extend time.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her

case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (sua sponte dismissal under Rule 41(b) approved plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court*.*"); *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  *See Ferdik*, 963 F.2d at 1260.  These are:

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendants;
(4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives.

*Id.* at 1260-61; *accord Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third factor also favors dismissal, because defendant has been deprived of an opportunity to be promptly notified of plaintiff's arguments and evidence, such as would allow him to prepare his cross-motion for summary judgment or consider an alternative resolution.  The fifth factor also favors dismissal because the court already attempted less drastic alternatives in the form of extending time to file plaintiff's brief and affording her additional time to show cause.  However, plaintiff has been incommunicado for four months, ignoring two court orders, and leaves the

1    court with little alternative but to recommend dismissal.[1]

2           As to the fourth factor, the public policy favoring disposition of cases on their merits, that

3    factor is outweighed by the other *Ferdik* factors.  Indeed, it is plaintiff's own failure to prosecute

4    the case and comply with the rules that precludes a resolution on the merits.  Therefore, after

5    carefully evaluating the *Ferdik* factors, the court concludes that dismissal without prejudice is

6    appropriate.

7           Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court assign a district judge

8    to this action.

9           IT IS HEREBY RECOMMENDED that:

10       1.   Plaintiff's claims be DISMISSED without prejudice pursuant to Federal Rule of Civil

11             Procedure 41(b); and

12       2.   The Clerk of Court be directed to close this case.

13          These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

15   days after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18   shall be served on all parties and filed with the court within fourteen (14) days after service of the

19   objections.  The parties are advised that failure to file objections within the specified time may

20   waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th

21   Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

22

23   Dated: September 18, 2024

24                                                EDMUND F. BRENNAN
                                                  UNITED STATES MAGISTRATE JUDGE

25

26

27
     ───────────────
28          [1] Plaintiff is represented by counsel who has been served with the electronically filed
     orders at the address provided by counsel.

                                                3